**IN THE STARK COUNT COURT OF COMMON PLEAS**
**STARK COUNTY**
**STATE OF OHIO**

**REMOVED ON 10/19/2017 TO**
**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CONNIE STAPLETON,** ) <br> **As Class Representatives and on behalf of** ) <br> **herself and all others similarly situated.** ) <br> 924 Alan Page Dr. SE, Apt. 10 ) <br> Canton, Ohio 44707 ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> **SKYLINE TERRACE APARTMENTS** ) <br> 635 Alan Page Dr. SE ) <br> Canton, OH 44707 ) <br> ) <br> And ) <br> ) <br> **2010 CANTON SOMERSET, LP** ) <br> C/O CT Corporation System ) <br> 4400 Easton Commons Way, Suite 125 ) <br> Columbus, OH 43219 ) <br> ) <br> And ) <br> ) <br> **EUREKA MULTIFAMILY GROUP, LP** ) <br> 920 South Main Street, Suite 200 ) <br> Grapevine, TX 76051 ) <br> ) <br> And ) <br> ) <br> **ABELL GROUP (ABELL PEST CONTROL** ) <br> **INC.)** ) <br> C/O CT Corporation System ) <br> 4400 Easton Commons Way, Suite 125 ) | Case Number: 5:17-cv-02207 <br> MAGISTRATE JUDGE BURKE <br> <br> **PLAINTIFF'S FIRST** <br> **AMENDED COMPLAINT FOR** <br> **DAMAGES AND CLASS** <br> **CERTIFICATION WITH JURY** <br> **DEMAND ENDORSED** <br> **HEREON:** <br> <br> 1.  **FAILURE TO MAINTAIN** <br> **PREMISES IN A FIT AND** <br> **HABITABLE CONDITION** <br> <br> 2.  **OHIO REVISED CODE** <br> **5321.04** <br> <br> 3.  **NEGLIGENCE** <br> <br> 4.  **BREACH OF LEASE:** <br> **QUIET USE AND** <br> **ENJOYMENT** <br> <br> 5.  **INTENTIONAL** <br> **INFLICTION OF** <br> **EMOTIONAL DISTRESS** <br> <br> 6.  **NEGLIGENT** <br> **INFLICTION OF** <br> **EMOTIONAL DISTRESS** <br> <br> 7.  **FRAUD** |

| | | | |
|---|---|---|---|
| Columbus, OH 43219 | ) | **8.** | **UNCONSCIONABLE** |
| | ) | | **ACTS OR PRACTICES** |
| And | ) | | |
| | ) | **9.** | **RETALITATION** |
| **BIO-SERV CORPORATION, doing business as** | ) | | |
| **ROSE PEST SOLUTIONS** | ) | | |
| 2620 Centennial Rd., Unit F | ) | | |
| Toledo, OH 43617 | ) | | |
| | ) | | |
| Defendants | ) | | |

NOW COMES Plaintiff, by and through counsel, individually and on behalf of all others similarly situated, upon personal knowledge and belief, as well as from a preliminary investigation performed by her attorney as the matters stated herein, allege as follows:

1. Plaintiff, by and through counsel, brings this class action for compensatory and punitive damages arising out of the damages or injuries sustained as a result of Defendants SKYLINE TERRACE APARTMENTS (hereinafter "Skyline"), 2010 CANTON SOMERSET, LP (hereinafter "Somerset"), EUREKA MULTIFAMILY GROUP, LP (hereinafter "Eureka"), ABELL GROUP (ABELL PEST CONTROL INC), (hereinafter "Abell), and BIO-SERV CORPORATION, doing business as ROSE PEST SOLUTIONS (hereinafter "Rose") ("Defendants" collectively) intentionally and/or negligently failing to eradicate a bed bug infestation in the Skyline Terrace Apartments and fraudulently withholding information concerning the infestation to tenants and visitors.

2. Plaintiff individually, and on behalf of all other members of the Class set forth herein, bring this class action pursuant to Rule 23(A) and (B) of the Ohio Rules of Civil Procedure on behalf of all others similarly situated who suffered damages through bodily harm, monetary losses, embarrassment, and mental anguish, excluding any Class Member who timely elects to be excluded from the Class.

2

3. The claims brought by the Plaintiff Class Member revolve around Defendants' tortious conduct in intentionally and/or negligently failing to eradicate a bed bug infestation in the Skyline Terrace Apartments and fraudulently withholding information concerning the infestation to tenants.

4. Plaintiff and Members of the Class are victims of the wrongful and fraudulent practices carried out by Defendants and have suffered damages or injury as a proximate result of the practices alleged herein.

5. In this class action, Plaintiff and Members of the Class seek recovery for all compensable monetary damages claimed caused by Defendants' conduct as set forth herein.

## A.  BACKGROUND AND EFFECT ON THOSE RESIDING IN THE SKYLINE TERRACE APARTMENT COMPLEX

6. Defendants Skyline, Somerset, and Eureka currently lease, have leased or attempted to lease apartments to new tenants without informing them of a bed bug infestation, failed to warn visitors of the bed bug infestation, and failed to eradicate existing tenants' apartments and common areas of a bed bug infestation that had been ongoing since 2015.

7. Defendants Skyline, Somerset, and Eureka did this without due regard to those individuals and families who reside or who visited people in the Skyline Terrace Apartments.

8. Defendants Skyline, Somerset, and Eureka did this fraudulently to increase their own profits and to save money on extermination costs.

9. With knowledge of the fraud, or in the alternative, by performing extermination services in a negligent manner, Defendant Abell and Rose contributed to the tenant's injuries.

10. Those that are affected by the complex's bed bug infestation have noted that they have incurred bodily and monetary injury, felt embarrassment, shame and mental anguish.

**B.**     **PARTIES, JURISDICTION, AND VENUE**

11. During all relevant times herein, Plaintiff and Class Representative CONNIE STAPLETON was, and is, a resident of Stark County, Ohio, whose address is 924 Alan Page Dr. SE, Apt. 10, Canton, OH 44707.

12. During all relevant times herein, all Class Members have been residents of Stark County, Ohio.

13. At all times relevant to this action, Plaintiff and Class Representative and all Class Members are or were tenants, as defined in O.R.C. §5321.01(A), prospective tenants, or visitors of the Skyline Terrace Apartment complex, located in Canton, Ohio.

14. At all times relevant to this action, the Skyline Terrace Apartment complex was and/or is a residential premise, as defined in O.R.C. § 5321.01(C).

15. During all relevant times herein, Defendant Skyline was, and is, an organization operating an apartment complex, organized as an unknown entity in the State of Ohio, and who regularly does or solicits business and/or engages in other persistent courses of conduct in the State of Ohio.

16. During all relevant times herein, Defendant Somerset was, and is, an organization operating an apartment complex, organized as a foreign limited partnership in the State of Ohio, and who regularly does or solicits business and/or engages in other persistent courses of conduct in the State of Ohio.

17. During all relevant times herein, Defendant Eureka was, and is, a property management company contracted to provide services to the Skyline Terrace Apartments, organized as a Texas limited partnership (entity# 0800097297), and who regularly does or solicits business and/or engages in other persistent courses of conduct in the State of Ohio.

18. At all times relevant to this action, Defendants Skyline, Somerset, and Eureka were landlords, as defined in O.R.C. § 5321.01(B).

19. During all relevant times herein, Defendant Abell was, and is, a pest extermination company, organized as a Michigan corporation (Ohio foreign entity# 1152819), and who regularly does or solicits business and/or engages in other persistent courses of conduct in the State of Ohio.

20. During all relevant times herein, Defendant Rose was, and is, a pest extermination company, organized as an Ohio corporation (entity# 418790), and who regularly does or solicits business and/or engages in other persistent courses of conduct in the State of Ohio.

21. During all relevant times herein, Defendant Abell and Rose were exterminators providing services to and for the benefit of the Skyline tenants.

22. This Court has jurisdiction over the Complaint pursuant to Ohio Revised Code § 2305.01, because the amount in dispute exceeds the jurisdiction of the county courts.

23. The common law of the State of Ohio was applicable to Defendants' activities while they were engaged in these practices and continue to befit these practices insomuch as they are ongoing.

24. Ohio law should therefore be applied to the Class claims.

25. Venue is proper in this Court pursuant to Ohio Rule of Civil Procedure (3)(B)(5) and (B)(6) because the real property at issue is located in Stark County and the events giving rise to the Complaint occurred in Stark County.

26. Stark County, Ohio is an appropriate forum for resolution of the Class claims. Stark County, Ohio is centrally located, involves the greatest number of potential Plaintiffs and

Class Members and has ample contacts with the parties, claims and conduct asserted in this action.

## C. **PLAINTIFF CLASS CERTIFICATION PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 23(A)**

27. Plaintiff brings this action pursuant to Rule 23 of the Ohio Rules of Civil Procedure with the named Plaintiff acting as the representative party on behalf of all other similarly situated unnamed or yet unknown Plaintiffs for the following reasons:

### *NUMEROSITY*

28. Membership in the class is so numerous as to make it impractical to bring all Class Members before the Court.

29. The exact number of Class Members is unknown but can be easily ascertained. Skyline Terrace Apartments has approximately 416 rental units. It can be efficiently determined who entered into a lease agreement with Defendants in 2015, 2016 and 2017. Finally, tenants can easily identify who visited their apartments during the time in question.

30. Although Plaintiff does not presently know the names of all Class Members, their identities and addresses can be readily ascertainable.

### *COMMONALITY*

31. There are numerous and substantial questions of law and fact common to all of the members of the Class that control this litigation and that predominate over any individual issues.

32. The common questions raised by Plaintiff's claims include the following:

    **a.** Whether Defendants Skyline, Somerset, and Eureka failed to maintain the Skyline Terrace Apartments in a fit and habitable condition;

    **b.** Whether Defendants Skyline, Somerset, and Eureka failed to fulfill their obligations under ORC § 5321.04;

    **c.** Whether Defendants breached their duty of care in the maintenance of the Skyline Terrace Apartments and whether Defendants breached their duty to warn Plaintiffs of any unreasonably dangerous conditions existing at the Skyline Terrace Apartments;

    **d.** Whether Defendants Skyline, Somerset, and Eureka breached their lease agreement with Plaintiff by failing to maintain the Skyline Terrace Apartments, therefore constituting a nuisance which substantially caused injury to Plaintiff;

    **e.** Whether Defendants Skyline, Somerset, and Eureka caused emotional distress, intentionally and/or negligently, when they failed to take appropriate action to remedy a defective condition in the Skyline Terrace Apartments and concealing the infestation to tenants, as well as visitors;

    **f.** Whether Defendants' actions constitute fraud;

    **g.** Whether Defendants' actions constitute violations of the Unconscionable Consumer Sales Practices Rule, the Consumer Sales Practices Act, O.R.C. 1345.02(A) and O.R.C. 1345.03(B)(1), O.R.C. 1345.03(B)(3), O.R.C. 1345.03(B)(5), and O.R.C. 1345.03(B)(6);

**h.** Whether Defendants Skyline, Somerset, and Eureka retaliated against Plaintiff after complaints about the ongoing bed bug infestation were made.

## *TYPICALITY*

33. The Plaintiff and class representative is a member of the Class of victims described herein.

34. Plaintiff and class representative is a citizen of Stark County, Ohio.

35. The aforementioned Plaintiff and class representative has incurred bodily and monetary injury, embarrassment, mental anguish, shame and emotional distress.

36. The Plaintiff and class representative has not been compensated for these injuries.

37. Plaintiff's claims are typical of those of the class, having been injured by the same transactions, practices and tortious conduct alleged to have occurred because of Defendants.

38. The Defendants thus subjected Plaintiff and Class Members to the same course of conduct.

39. The Class Representative has no interest adverse to those of other Members of the Class.

## *REPRESENTATIVE*

40. The Class Representative will fairly and adequately protect the interests of the Class.

41. The Class Representative has retained counsel experienced and competent in the prosecution of complex litigation.

### PLAINTIFF CLASS CERTIFICATION PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 23(B)(3)

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons;

  **a.** Common questions predominate over questions affecting only individual members;

  **b.** Given the substantive complexity of this litigation, the size of the individual Class Member's claims, and the limited resources of the Class Members, this action will cause an orderly and expeditious administration of the Class claims, economies of judicial time, effort and expense will be fostered, and uniformity of decisions will be insured;

  **c.** Most members of the Class have little interest in prosecuting an individual action;

  **d.** When the liability of Defendants have been adjudicated, claims of all members of the Class can be determined by the Court;

  **e.** The action presents no difficulties that would impede its management by the Court as a class action.

  **f.** There is between Plaintiff and the Class a "community of interest in the subject matter of the suit and the remedy" thus satisfying the basic criterion for class certification under Ohio law.

## D. FACTUAL BACKGROUND

43. Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 42 of this Complaint as if fully rewritten herein.

44. During all relevant times herein, all transactions and occurrences described in this complaint occurred in Stark County, Ohio.

45. Plaintiff is a resident of the Skyline Terrace Apartments.

46. Plaintiff receives rent assistance through the United States Department Housing and Urban Development (HUD) or Section 8.

47. On or around July 1, 2016, Plaintiff entered into a written lease agreement with Defendants Skyline, Somerset, and Eureka for an apartment (the "Apartment"), located at 924 Alan Page Dr. SE, Apt. 10, Canton, OH 44707.

48. Each year thereafter, Plaintiff received a generic HUD-required lease amendment, which did not change any of the terms of her lease agreement other than an occasional rent increase, if any.

49. In 2017, Plaintiff executed a lease addendum, obligating her to remain a tenant of the Skyline Terrace Apartments for a term beginning in 2017 and ending in 2018.

50. Due to Plaintiff's health, she is predominantly confined to her apartment for long hours.

51. In or around February 2017, Plaintiff discovered vermin, commonly known as bed bugs, in the unit in which she resided.

52. Bed bugs (*Cimex lectularius*) are pests that feed on blood, including human blood, and are known to transmit and spread disease.

53. Since the infestation began, Plaintiff has been forced to sit, sleep and live in an apartment that contains furniture crawling with bed bugs.

54. In turn, Plaintiff has received hundreds of bed bug bites to her body.

55. Immediately upon learning of the infestation, Plaintiff called and/or personally informed Defendants of the bed bugs.

56. In turn, Defendants Skyline, Somerset, and Eureka informed Plaintiff that they would contact an exterminator, and that the Apartment would be exterminated quickly.

57. Prior to July 2016, when Plaintiff was executing her new lease agreement with Defendants, and prior to Plaintiff executing her lease addendums, Defendants Skyline, Somerset, and Eureka were aware that the premises had an infestation.

58. As early as Summer 2015, other tenants reported to Defendants of bedbug infestations in their apartments.

59. If and when Defendants did make attempts to exterminate the premises' bedbugs, Plaintiff was compliant with any extermination instructions received.

60. Due to Abell and Rose's continued ineffective extermination sessions, on July 7, 2017, Plaintiff served upon the Skyline Terrace Apartments a "Correct Conditions Letters". See Exhibit 1, Correct Conditions Letter.

61. The "Correct Conditions Letters" gave notice to Defendants Skyline, Somerset, and Eureka that they had 30 days from receipt of the letter to completely exterminate the bed bugs in Plaintiff's apartment.

62. As of September 18, 2017, Defendants' attempts to exterminate Plaintiff's apartment has been deficient and completely ineffective.

63. Plaintiff's apartment remains infested with bed bugs; Defendants have not serviced Plaintiff's apartment since September 2017.

64. As a result of the continued bed bug infestation and the complete failure of Defendants to correct the condition, Plaintiff's health and safety have been affected. Plaintiff's apartment is not fit or habitable, nor in a safe and sanitary condition.

## COUNT 1:
### FAILURE TO MAINTAIN PREMISES IN A FIT AND HABITABLE CONDITION

65. Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 64 of this Complaint as if fully rewritten herein.

66. In 2017, Plaintiff executed a lease addendum to her original lease agreement whereby she agreed to lease an apartment at the Skyline Terrace Apartments.

67. In 2017, the lease addendum was accepted by Defendants Skyline, Somerset, and Eureka.

68. Prior to and during the lease terms, Defendant Skyline, Somerset, and Eureka were aware that Plaintiff's apartment had an infestation of bed bugs.

69. Prior to and during the lease term, Defendant Skyline, Somerset, and Eureka were aware that the premises had an infestation of bed bugs.

70. Defendants made a feeble attempt to exterminate Plaintiff's apartment.

71. During this ineffective treatment of the apartment, Plaintiff was unable to safely utilize her living spaces, including her belongings, her furniture, bedroom, living room and restroom because of the ongoing presence of bed bugs and the effect of chemicals used in attempting to exterminate the insects.

72. During the ineffective treatment, Plaintiff was also unable to use some common areas of the premises.

73. Despite Defendants' ineffective treatment, which included Plaintiff's substantial compliance with all extermination directives, Defendants failed to eradicate the bed bug infestation.

74. Despite Plaintiff's desire to eradicate the bed bugs and despite her informing Defendants of the ongoing infestation, Defendants failed to take action to properly stem the infestation.

75. As a direct and proximate result, Plaintiff's apartment and other common areas of the Skyline Terrace Apartments were not maintained in a fit and habitable condition causing Plaintiff to suffer damages, including bodily injuries, in an amount to be determined at trial, which amount will include both general and specific damages.

76. **Plaintiff brings Count 1 on behalf of herself and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date *only*.**

## COUNT 2:
## *BREACH OF CONTRACT*

77. Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 76 of this Complaint as if fully rewritten herein.

78. During the lease term, defective conditions existed in Plaintiff's apartment, as well as the Skyline Terrace Apartments common areas, that triggered Defendant Skyline, Somerset, and Eureka's obligations under O.R.C. § 5321.04 to maintain the apartment and common areas in a safe, sanitary, and habitable condition.

79. Defendants Skyline, Somerset, and Eureka have been on notice of the defective conditions existing in the apartment and common areas prior to July 2017, but, have failed to remedy it in violation of O.R.C. § 5321.04 and O.R.C. § 5321.12. As a result, Plaintiff has been constructively evicted from her apartment and common areas pursuant to O.R.C. § 5321.07.

80. As a direct and proximate result of Defendant Skyline, Somerset, and Eureka's failure to act, Plaintiff has suffered damages in an amount to be determined at trial, which amount will include both general and specific damages.

81. The Lease Agreements, including those incorporated by reference in the lease addendums, indicate in part that the landlord agrees to maintain the common areas and facilities in a safe condition and to provide extermination services, as necessary.

82. Prior to and during the lease term, Plaintiff's apartment and common areas have been infested by bed bugs and Defendants' extermination services have been ineffective.

83. As a direct and proximate result of Defendants' failure to maintain the premises and apartments and to provide proper extermination services, Plaintiff has suffered damages in an amount to be determined at trial, which amount will include both general and specific damages.

84. **Plaintiff brings Count 2 on behalf of herself and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date *only*.**

## COUNT 3:
## NEGLIGENCE

85. Plaintiff incorporate by reference the statements and allegations of Paragraphs 1 through 84 of this Complaint as if fully rewritten herein.

86. Defendants had a duty to exercise care in the maintenance and extermination of the Plaintiff's apartment and common areas.

87. Defendants Skyline, Somerset, and Eureka also had a duty to warn Plaintiff and any potential tenants, as well as all tenant visitors, of any unreasonably dangerous conditions existing on the Premises.

88. Defendants failed to exercise due care by failing to arrange for the proper eradication of the bed bug infestation within a reasonable amount of time.

89. Defendants were unsuccessful after an extensive amount of time to completely eradicate the bed bug infestation.

90. Defendants Abell and Rose negligently conducted their extermination services in a way that assured that the Premises would not become exterminated or, in the alternative, did so in a way that made the infestation worse.

91. Defendants further failed to exercise due care by concealing from Plaintiff their knowledge of the bed bug problem in the Premises despite being aware of its existence.

92. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages, including bodily injury, in an amount to be determined at trial, which amount will include both general and specific damages.

93. **Plaintiff brings Count 3 on behalf of herself and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date.**

94. **Plaintiff brings Count 3 on behalf of all individuals who visited the Skyline Terrace Apartments from January 1, 2015 through the present date.**

*COUNT 4:*
*BREACH OF LEASE:  QUIET USE AND ENJOYMENT*

95. Plaintiffs incorporate by reference the statements and allegations of Paragraphs 1 through 94 of this Complaint as if fully rewritten herein.

96. The actions of Defendants Skyline, Somerset, and Eureka in failing to maintain the premises pursuant to O.R.C. § 5321.04 constituted a nuisance which substantively caused injury to Plaintiff and her personal property.

97. As a direct and proximate result of Defendants Skyline, Somerset, and Eureka's breach of Plaintiff's quiet use and enjoyment of the premises, Plaintiff has suffered damages in an

amount to be determined at trial, which amount will include both general and specific damages.

98. **Plaintiff brings Count 4 on behalf of herself and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date *only*.**

## COUNT 5:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 98 of this Complaint as if fully rewritten herein.

100.     Defendants, in intentionally failing to take appropriate action to remedy the defective conditions in the Apartments and common areas and concealing the infestation problem, intended to cause emotional distress or knew or should have known that such action would result in serious emotional distress to Plaintiff.

101.     Defendants' conduct, as described above, was extreme and outrageous.

102.     Defendants' actions caused Plaintiff to suffer severe mental anguish of a nature that no reasonable person could be expected to endure, including fear, anxiety over their health and wellbeing, nervousness, and aggravation.

103.     As a direct result and proximate result of Defendants' intentional conduct, Plaintiff has suffered general and specific damages, including monetary damages, damages for emotional distress, inconvenience, and disruption to her life, all in an amount to be determined at trial.

104.     Defendants' malicious conduct justifies the imposition of punitive damages under Ohio law.

105.    **Plaintiff brings Count 5 on behalf of herself and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date.**

106.    **Plaintiff brings Count 5 on behalf of all individuals who visited the Skyline Terrace Apartments from January 1, 2015 through the present date.**

## COUNT 6:
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

107.    Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 106 of this Complaint as if fully rewritten herein.

108.    Defendants, in failing to take appropriate action to remedy the defective condition in the Apartments and common areas, negligently caused serious emotional distress to Plaintiff.

109.    Defendants' conduct, as described above, was extreme and outrageous.

110.    Defendants' actions caused Plaintiff to suffer severe mental anguish of a nature that no reasonable person could be expected to endure, including fear, anxiety over her health and wellbeing, nervousness, and aggravation.

111.    As a direct result and proximate result of Defendants' conduct, Plaintiff has suffered general and specific damages, including bodily injury, monetary damages, damages for emotional distress, inconvenience, and disruption to her life, all in an amount to be determined at trial.

112.    **Plaintiff brings Count 6 on behalf of themselves and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date.**

113.    **Plaintiff brings Count 6 on behalf of all individuals who visited the Skyline Terrace Apartments from January 1, 2015 through the present date.**

### COUNT 7:
### FRAUD

114.    Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 113 of this Complaint as if fully rewritten herein.

115.    Defendants Skyline, Somerset, and Eureka were on notice that at least one other apartment and/or common area in the Premises had been infested by bed bugs prior to 2017, and therefore had a duty to disclose said information to Plaintiff.

116.    When Plaintiff executed her lease addendum, Defendants Skyline, Somerset, and Eureka knowingly failed to disclose the bed bug problem to her and, in turn, misrepresented the safety and habitability of the apartment and common areas.

117.    Defendants Skyline, Somerset, and Eureka failed to disclose the material facts alleged herein, specifically that the Premises had infestations of bedbugs, with the intention that Plaintiff would rely on their omissions.

118.    Defendants Skyline, Somerset, and Eureka failed to disclose the material facts alleged herein, specifically that the Premises had infestations of bedbugs, with the intent to induce Plaintiff to execute a new lease or a lease addendum.

119.    As a direct and proximate result of Defendants Skyline, Somerset, and Eureka's omissions and misrepresentations, as alleged herein, Plaintiff has suffered damages in an amount to be determined at trial, which amount will include both general and specific damages.

120.     The conduct of Defendants Skyline, Somerset, and Eureka was intentional and evidences the degree of malice necessary to support an award of punitive damages and attorneys' fees.

121.     In February through August 2017, Defendants and/or their agents knowingly made false representations of a material fact regarding the effectiveness of the extermination treatments being attempted for more than a year's time at Plaintiffs' apartments and common areas; Plaintiff was continuously assured that the extermination would be completed immediately.

122.     Defendants conspired to treat Plaintiff's apartment in a way that appeared to Plaintiff that proper efforts were being made to exterminate the bed bugs.

123.     This was done without Plaintiff's knowledge or consent.

124.     Said representations were made with scienter.

125.     Said representations were made by Defendants with the intent of inducing Plaintiffs to act in reliance upon the misrepresentations; continue to pay her rent and/or pay for the cost of extermination.

126.     Plaintiff did, in fact, act upon those representations by continuing to pay rent and/or pay for extermination services.

127.     Plaintiffs justifiably relied upon Defendants' misrepresentations.

128.     Defendants' conduct was in disregard for Plaintiff's rights and give rise to implied or actual malice and supports an award of punitive damages and attorneys' fees.

129.     As a direct and proximate result of Defendants' conduct, Plaintiff was held financial hostage and forced to pay money for an apartment of lesser value, has endured

bodily injury, humiliation, embarrassment, and forced further into an economically disadvantageous position.

130. **Plaintiff brings Count 7 on behalf of themselves and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date *only*.**

## COUNT 8:
### UNCONSCIONABLE ACTS OR PRACTICES

131. Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 130 of this Complaint as if fully rewritten herein.

132. For purposes of hiring and/or constructively hiring an exterminator to do a service and being responsible for paying for that service either directly or indirectly through rent and/or rent increases, Plaintiffs are consumers.

133. Defendants have committed unconscionable acts or practices in violation of the Unconscionable Consumer Sales Practices Rule, the Consumer Sales Practices Act, R.C. 1345.02(A) and R.C. 1345.03(B)(1), by knowingly taking advantage of the inability of Plaintiff to reasonably protect her interests because of her physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement.

134. Defendants have committed unconscionable acts or practices in violation of the Consumer Sales Practices Act, R.C. 1345.02(A) and R.C. 1345.03(B)(3), by entering into consumer transactions when the Defendants knew, at the time the consumer transactions were entered into, of the inability of Plaintiff to receive a substantial benefit from the subject of the consumer transactions.

135. Defendants have committed unconscionable acts or practices in violation of the Consumer Sales Practices Act, R.C. 1345.02(A) and R.C. 1345.03(B)(5), by requiring

Plaintiff to enter into consumer transactions on terms the Defendants knew were substantially one-sided in favor the Defendants.

136.     Defendants have committed unconscionable acts or practices in violation of the Consumer Sales Practices Act, R.C. 1345.02(A) and R.C. 1345.03(B)(6), by making misleading statements of opinion on which Plaintiff was likely to rely to the her detriment.

137.     Such acts or practices have been previously determined by Ohio courts to violate the Consumer Sales Practices Act, R.C. 1345.01 et seq. Defendants committed said violations after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

138.     As a direct and proximate result of Defendants' unconscionable acts or practices, as alleged herein, Plaintiff has suffered damages in an amount to be determined at trial, which amount will include both general and specific damages.

139.     The conduct of Defendants was intentional and evidences the degree of malice necessary to support an award of punitive damages and attorneys' fees.

140.     **Plaintiff brings Count 8 on behalf of themselves and all other tenants of the Skyline Terrace Apartments residing in the complex from January 1, 2015 through the present date *only*.**

## COUNT 9:
## RETALIATION

141.     Plaintiff incorporates by reference the statements and allegations of Paragraphs 1 through 140 of this Complaint as if fully rewritten herein.

142.     Pursuant to O.R.C § 5321.02, it is unlawful for a landlord under Ohio law
to retaliate against a tenant who has registered complaints about the safety and other
living conditions of their dwelling units and common areas.

143.     Since February 2017 until present day, Plaintiff has had communications with
Defendants Skyline, Somerset, and Eureka, and has mailed notice to correct letters from
Plaintiff's counsel to management about the safety, health and living condition issues of
her dwelling unit.

144.     Defendants Skyline, Somerset, and Eureka failed to properly respond to and
properly address the concerns of Plaintiffs.

145.     Said conduct was a direct and proximate result of Plaintiff asserting her rights as a
tenant.

146.     Such retaliatory conduct caused Plaintiff injury, including humiliation,
embarrassment, mental stress and anxiety.

147.     **Plaintiff brings Count 9 on behalf of herself and all other tenants of the
Skyline Terrace Apartments residing in the complex from January 1, 2015 through
the present date *only*.**

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, prays for an
Order and Judgment certifying the Class and appointing Plaintiff as class representative and
granting the following relief:

A.     That, as to Counts One through Nine, the Court grant in favor of Plaintiff against
Defendants, jointly and severally, in excess of $25,000.00, as to each Defendant and as to each
Count;

B.     That the Court find that Defendants' actions were knowingly, willfully, maliciously done with reckless disregard or callous indifference to Plaintiff's legally protected rights, whereby Plaintiff is entitled to punitive damages.

C.     That the Court grant in favor of Plaintiff against Defendants, jointly and severally, punitive damages, as appropriate, in excess of $25,000.00, as to each Defendant;

E.     That the Court grant damages and relief in favor of Plaintiff against Defendants, jointly and severally, for Plaintiff's costs and expenses incurred, including, but not limited to, court costs, reasonable attorney fees, interest and other losses;

F.     That the Court grant a permanent injunction requiring Defendants to completely eradicate the bed bug infestation on the Premises; and

G.     That the Court grants further relief and damages in favor of Plaintiff against Defendants, jointly and severally, as the Court deems reasonable and proper.

Respectfully submitted,

COLIN G. MEEKER (#0092980)
BLAISE R. MEEKER (#0093050)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]
cgm@bmblaw.com

Attorney for Plaintiff and Class Representative
CONNIE STAPLETON

<u>JURY DEMAND ENDORSED HEREON</u>

Now comes Plaintiff and Class Representatives, by and through her attorney, Colin G. Meeker of Blakemore, Meeker & Bowler Co. L.P.A., and hereby demands a trial by jury of all facts and issues so triable in this action.

Respectfully submitted,

COLIN G. MEEKER (#0092980)
BLAISE R. MEEKER (#0093050)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Dr.
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]
cgm@bmblaw.com

Attorney for Plaintiff and Class Representative
CONNIE STAPLETON

# Exhibit 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Skyline Terrace Apartments
635 Alan Page Dr S.E.
Canton, OH 44707

9590 9402 2867 7069 2195 64

2. Article Number (Transfer from service label)

7016 0750 0001 0322 4271

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Tracy Harper_  ☒ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Tracy Harper_                  7 16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...Mail
☐ ...Mail Restricted Delivery
   (0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**BLAKEMORE, MEEKER & BOWLER CO., L.P.A.**
39 E. MARKET STREET, SUITE 301, AKRON, OHIO 44308
TELEPHONE: (330) 253-3337   FAX: (330) 253-4131          **ATTORNEYS AT LAW**
Website: bmblaw.com

ROBERT W. BLAKEMORE
(1926-2003)
ROBERT C. MEEKER
MICHAEL B. BOWLER
RICHARD V. ZURZ
BEN T. MANAYAN, JR.

July 3, 2017

*By U.S. Mail & Fax*
Skyline Terrace Apartments
635 Alan Page Dr. , S.E.
Canton, Ohio 44707

Re:    *Correct Conditions Letter*
       *Connie Stapleton, Unit Number 924-10*

To Whom It May Concern:

I have been retained to represent Connie Stapleton, who resides in Unit Number 924-10, concerning a personal injury and landlord-tenant claim associated with Margate Apartments and/or Skyline Terrace Apartments.

This letter serves as a notice under section 5321.07 of the Ohio Revised Code (ORC) of conditions which need correction in the home of Ms. Stapleton at the Margate Apartments and/or Skyline Terrace Apartments.

Said conditions include an infestation of bed bugs, which have infested Ms. Stapleton's unit. These insects have bitten Stapleton, as well as her guests, causing severe and possibly permanent injury. Stapleton acknowledges that you have made attempts to correct this situation in the past; however, your efforts have been unsatisfactory and have failed.

The Ohio Revised Code (ORC) section 5321.04(A)(1), (2) and (3) requires the landlord to Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety; make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition; and to keep all common areas of the premises in a safe and sanitary condition. If the above conditions are not corrected within a reasonable time, not to exceed 30 days or August 3, 2017, Ms. Stapleton may exercise her rights under ORC section 5321.07. Those rights include depositing rent into escrow with the Clerk of Courts, applying for a court order to correct the conditions, or terminating the rental agreement.

Please be advised that the ORC section 5321.02 prohibits retaliation by landlords against tenants who make complaints about the conditions of the rental unit.

You or your representatives may call me at (330) 253-3337 to arrange a time to discuss this further with Ms. Stapleton and to make the necessary repairs.

Thank you for your cooperation.

Sincerely,

**Blakemore, Meeker & Bowler Co., LPA**

Colin G. Meeker
Attorney at Law