IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE STAPLETON, *on behalf of herself and all others similarly situated*, | ) ) ) | CASE NO: 5:17-cv-02207 |
| Plaintiff, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| SKYLINE TERRACE APARTMENTS, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

Plaintiff has filed a Motion to Remand this case to state court. Doc. 14. The motion has been fully briefed. For the reasons set forth below, the Court is satisfied that the amount in controversy exceeds $75,000.00 and therefore **DENIES** the motion.

I. **Procedural background**

On September 20, 2017, Plaintiff, as class representative and on behalf of herself and all others similarly situated, filed an action in Stark County Court of Common Pleas against Skyline Terrace Apartments ("Skyline Terrace"), 2010 Canton Somerset, LP ("2010 Canton"), Arnold Grounds Apartment Management & Affordable Housing Specialists ("Arnold Grounds"), John/Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Entities 1-10, asserting claims relating to an alleged bed bug infestation at the apartment complex where Plaintiff resides. Doc. 1-1, pp. 2-25. On October 19, 2017, Defendant 2010 Canton removed Plaintiff's case from Stark County Court of Common Pleas to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. On December 14, 2017, Plaintiff filed a Motion to Remand to State Court (Doc. 14, Doc. 14-1), arguing that this Court lacks subject matter

1

jurisdiction over her action because "the combination of Plaintiff's actual damages, punitive damages, and attorneys' fees will likely fall short of the $75,000 amount-in-controversy requirement for diversity jurisdiction[]" (Doc. 14-1, p. 27). Defendants 2010 Canton, Arnold Grounds,[1] and Skyline Terrace (hereinafter referred to collectively as "Defendants") filed an opposition to Plaintiff's motion to remand on December 12, 2017. Doc. 15. On January 2, 2018, Plaintiff filed a Reply in support of her motion to remand. Doc. 19. Defendants filed a motion to strike Plaintiff's Reply or, in the alternative, seeks leave to file a surreply instanter ("motion to strike/motion for leave to file surreply"). Doc. 20. Plaintiff then filed an opposition to Defendants' motion to strike/motion for leave to file surreply instanter. Doc. 22.

The Court hereby **DENIES** in part and **GRANTS** in part Defendants' motion to strike/motion for leave to file surreply (Doc. 20). Defendants' motion to strike is **DENIED**. Defendants' motion for leave to file surreply is **GRANTED**.

II. **Law and analysis**

A. **Law**

A case may be removed from state to federal court if the case could have originally been brought in the federal forum. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions between citizens of different states[2] where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

A defendant seeking removal has the burden of proving by a preponderance of the evidence that jurisdiction in the district court is proper. *Gafford v. Gen. Elec. Co*., 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130

---

[1] Defendant Arnold Grounds was subsequently dismissed from this action with prejudice. Doc. 26, Doc. 30.

[2] It is undisputed that the citizenship of the parties is diverse. Doc. 14-1, p. 11.

2

S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010). Yet, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, – U.S. –, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) (addressing 28 U.S.C. § 1446(a) removal requirements). "Evidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations." *Id.*

Generally, "'the sum claimed by the plaintiff[s] controls,' . . . but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford*, 997 F.2d at 158) (alteration in the original); *see also* 28 U.S.C. § 1446(c)(2). "[A] *single* plaintiff may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement[.]" *Everett*, 460 F.3d at 822 (emphasis in original). "[M]ultiple plaintiffs may aggregate their claims only where they 'unite to enforce a single title or right in which they have a common and undivided interest.'" *Id.* at 823 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).

In addition to compensatory damages, "[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable. Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). In Ohio, punitive damages may be awarded in tort actions that involve fraud, actual malice, or insult. *Preston v. Murty*, 32 Ohio St. 3d 334, 334-335 (1987). The Sixth Circuit has stated that, "[a]s a general rule, attorneys' fees are excludable in determining the amount of controversy for purposes of diversity, unless the fees are provided for

3

by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). When injunctive relief is sought, "the amount in controversy is measured by the value of the object of the litigation." *Heartland-Mt. Airy of Cincinnati Oh, LLC v. Johnson*, 2015 WL 667682, * 3 (S.D. Ohio Feb. 17, 2015) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Thus, the "costs of complying with an injunction . . . may establish the amount-in-controversy." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Everett*, 460 F.3d at 829).

Although Plaintiff has filed a First Amended Complaint, (Doc. 27), "the determination of federal jurisdiction in a diversity case is made as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see also Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) ("In determining whether a cause of action 'arises under' federal law, the court must look to the complaint as it existed at the time the petition for removal was filed to determine whether the position of a plaintiff has any legal substance.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)); *see also Hayes*, 266 F.3d at 573 (6th Cir. 2001) ("[W]hen determining whether [defendant] has met its burden of showing, by a preponderance, that more than $75,000 is in controversy, [the court] review[s] the damages sought by Plaintiffs at the time of removal—i.e., the damages sought by Plaintiffs in their original complaint."). Thus, to assess whether 2010 Canton had the right to remove Plaintiff's case, the Court will look at the original complaint, not the first amended complaint.

In her original complaint, Plaintiff pleaded the following nine counts: Count 1 – failure to maintain premises in a fit and habitable condition; Count 2 – claim under O.R.C. § 5321.04; Count 3 – negligence; Count 4 – breach of lease: quiet use and enjoyment; Count 5 – intentional

infliction of emotional distress; Count 6 – negligent infliction of emotional distress; Count 7 – fraud; Count 8 – unconscionable acts or practices under the Ohio Consumer Sales Practices Act; and Count 9 – retaliation.  Doc. 1-1, pp. 2-25.

### B.  Plaintiff's arguments for remand

Plaintiff argues that remand to state court is required because 2010 Canton's notice of removal lacks any evidence regarding the amount-in-controversy requirement (Doc. 14-1, pp. 12-18) and the Court lacks subject matter jurisdiction over the claims because the combination of Plaintiff's actual damages, punitive damages, and attorneys' fees will likely fall short of the $75,000.00 jurisdictional amount (Doc. 14-1, pp. 19-27).  In her Reply brief, Plaintiff argues that 2010 Canton should not be able to rely upon costs associated with injunctive relief because 2010 Canton did not rely upon those costs in its notice of removal.  Doc. 19, pp. 1-3.  Additionally, in her Reply brief, Plaintiff contends that 2010 Canton did not obtain unanimous consent to remove the case to federal court.  Doc. 19, pp. 3-6.

### C.  Analysis

Plaintiff's assertion that the notice of removal was defective because of a lack of evidence to support 2010 Canton's claim that the amount-in-controversy requirement was met is without merit.  Defendant 2010 Canton's notice of removal is sufficient to satisfy the notice of removal pleading standard.  As stated by the Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Owens*, 135 S.Ct. at 555 (addressing 28 U.S.C. § 1446(a) removal requirements).  And, "[e]vidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations."  *Id.*  Consistent with the procedures outlined in *Owens*, once Plaintiff contested 2010 Canton's contention that

the amount-in-controversy jurisdictional threshold requirement was met, 2010 Canton submitted evidence in support of its claim that the $75,000.00 threshold was met. That evidence is an affidavit from Jimmy Arnold regarding the costs that would be associated with remedial efforts if Plaintiff were awarded the injunctive relief she requests, i.e., to completely eradicate the alleged bed bug infestation. Doc. 15, p. 3, Doc. 15-1, p. 2. In his affidavit, Mr. Arnold indicates that costs associated with remediation would amount to $208,000.00. Doc. 15-1, p. 2, ¶ 2.

As discussed more fully below, Plaintiff's assertion that this Court lacks subject matter jurisdiction is also without merit. Plaintiff seeks compensatory damages, punitive damages, attorney fees, and injunctive relief. More particularly, she asks that the Court grant her the following relief:

A. That, as to Counts One through Nine, the Court grant in favor of Plaintiff against Defendants, jointly and severally, in excess of $25,000.00, as to each Defendant and as to each Count;

B. That the Court find that Defendants' actions were knowingly, willfully, maliciously done with reckless disregard or callous indifference to Plaintiff's highly protected rights, whereby Plaintiff is entitled to punitive damages;

C. That the Court grant in favor of Plaintiff against Defendants, jointly and severally, punitive damages, as appropriate, in excess of $25,000.00, as to each Defendant;

D. That the Court grant damages and relief in favor of Plaintiffs against Defendants, jointly and severally, for Plaintiff's costs and expenses incurred, including, but not limited to, court costs, reasonable attorney fees, interest and other losses;

E. That the Court grant a permanent injunction requiring Defendants to completely eradicate the bed bug infestation on the Premises; and

F. That the Court grant[] further relief and damages in favor of Plaintiff against Defendants, jointly and severally, as the Court deems reasonable and proper.

Doc. 1-1, p. 23.[3]

---

[3] In the complaint, there is no paragraph labeled "D." Doc. 1-1, p. 23. The lettering for each of the prayer for relief paragraphs has been corrected herein to read alphabetically.

In her complaint, Plaintiff seeks damages "against Defendants, jointly and severally, in excess of $25,000.00, as to each Defendant <u>and as to each Count</u>." Doc. 1-1, p. 23, ¶ A (emphasis supplied). There are nine counts and for each count Plaintiff is seeking in excess of $25,000.00, making the aggregate amount of damages requested by Plaintiff in her complaint in excess of $225,000.00. *See Everett*, 460 F.3d at 822 ("[A] *single* plaintiff may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement[.]") (emphasis in original); *see also Compass Group USA, Inc. V. Eaton Rapids Pub. School*, No. 09-1033, 2009 WL 3294877, at *1 (6th Cir. 2009) (when determining whether the $75,000.00 jurisdictional threshold has been met, the court "may aggregate [the plaintiff's] tort and contract claims"). Considering the foregoing, even though a specific sum certain has not been requested, the Court finds, by the preponderance of the evidence, that the $75,000.00 diversity jurisdiction threshold has been met.

In addition to the foregoing damages, Plaintiff also seeks punitive damages against "Defendants, jointly and severally, . . . as appropriate, in excess of $25,000.00, as to each Defendant[.]" Doc. 1-1, p. 23, ¶ C. While Plaintiff argues that recovery of a punitive damage award is not very likely, it is not "apparent to a legal certainty that [punitive damages in this case] cannot be recovered." *See Hayes*, 266 F.3d at 572. Under Ohio law, punitive damages may be awarded in a tort action. O.R.C. § 2315.21(D)(1). Although caps apply in Ohio, if punitive damages are awarded, a plaintiff may receive a punitive damage award in an amount up to two times the amount of compensatory damages awarded to the plaintiff. *See* O.R.C. § 2315.21(D)(1)(a). Here, Plaintiff seeks in excess of $25,000.00 on each count, some of which are tort claims. Thus, under Ohio law, punitive damages in an amount of up to $50,000.00 could be recovered if Plaintiff were awarded $25,000.00 in compensatory damages. *See e.g.,*

*McMahon v. Alternative Claims Service, Inc.*, 521 F.Supp.2d 656, 660-661 (N.D. Ohio 2007) (concluding that punitive damages award were potentially available and considering the amounts at issue the court concluded that the diversity jurisdictional threshold was satisfied). Accordingly, the Court finds, by a preponderance of the evidence, that the compensatory damages along with the punitive damages that Plaintiff seeks satisfy the amount-in-controversy requirement.

Additionally, Plaintiff seeks injunctive relief in the form of complete eradication of "the bed bug infestation on the Premises[.]" Doc. 1-1, p. 23, ¶ F. As noted above, "costs of complying with an injunction . . . may establish the amount-in-controversy." *Cleveland Housing Renewal Project*, 621 F.3d at 560 (quoting *Everett*, 460 F.3d at 829). Defendant 2010 Canton submitted evidence, by way of an affidavit from Jimmy Arnold, indicating that the costs associated with eradication efforts would amount to $208,000.00. Doc. 15-1, p. 2. Plaintiff contends that this evidence should not be considered because 2010 Canton did not, in its notice of removal, rely on Plaintiff's request for injunctive relief as a basis for establishing the amount in controversy. Nevertheless, as noted above, the Court may consider the cost of complying with the injunctive relief sought by Plaintiff in her complaint. *Cleveland Housing Renewal Project*, 621 F.3d at 560. The Court finds that this additional evidence provides further support for the Court's finding that the $75,000.00 jurisdictional threshold has been satisfied.

After reviewing the pleadings and the arguments of the parties, the Court is satisfied that it is more likely than not that the amount-in-controversy in this diversity action is greater than $75,000.00.[4]

---

[4] Plaintiff also seeks attorney fees. Even without consideration of potential attorney fees, the Court is satisfied, by a preponderance of the evidence, that the amount-in-controversy requirement has been met.

Further, the Court finds that Plaintiff's objection to removal based on an alleged failure to comply with the "rule of unanimity" has been waived or, alternatively, is without merit. The "rule of unanimity" stems from 28 U.S.C. § 1446(b)(2)(A) and requires that "all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201-201 (6th Cir. 2004). A technical defect, such as a failure to comply with the "rule of unanimity," must be raised within 30 days of removal or it is waived. 28 U.S.C. § 1447. Here, Plaintiff did not raise the alleged technical defect regarding the "rule of unanimity" until January 2, 2018, which was 75 days after the notice of removal was filed. Thus, Plaintiff may have waived such an objection.

Even if Plaintiff did not waive the technical objection, the objection fails. Relying on *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), Plaintiff argues that the "rule of unanimity" is not met in this case because Arnold Grounds and Skyline Terrace failed to join in the removal petition or file their own consents. Doc. 19, pp. 3-4. The Court finds Plaintiff's argument unavailing. As indicated in the notice of removal, counsel for 2010 Canton, the removing defendant, represented Arnold Grounds and Skyline Terrace, i.e., all non-Doe defendants (Doc. 1, p. 5, ¶ 13) and, "as counsel [was] representing all named, existing defendants, consent to removal by the defendants [was] established." (Doc. 1, p. 6, ¶ 19). Additionally, all defendants joined in opposing Plaintiff's motion to remand. Doc. 15. Based on the foregoing, the Court finds compliance with the "rule of unanimity." *See Harper*, 392 F.3d at 201-202 (attorney's representation in notice of removal that concurrence in removing the action had been obtained from the non-removing defendant's counsel was sufficient to satisfy the "rule of unanimity"); *See e.g.*, *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 815

(N.D. Ohio 2008) (finding that "*Harper* stands for the proposition that a party seeking to remove a case to federal court need do no more than obtain the consent of his fellow defendants and make a timely representation of that consent to the court[]") (discussing *Harper*, 392 F.3d at 201-202); *see also Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Industry Intern.*, 2015 WL 586112, * 3 (S.D. Ohio Feb. 11, 2015) ("[I]n the Sixth Circuit, an attorney for one defendant may sign the notice of removal and certify that the remaining defendants consented to the removal.") (citing *Harper*, 392 F.3d at 201-202).

### III. Conclusion

For the reasons discussed herein, the Court is satisfied that it has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332. Therefore, Plaintiff's motion to remand (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated: March 14, 2018

Kathleen B. Burke
United States Magistrate Judge

10